UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>    PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>    ASSOCIATION, INC. INDUSTRY<br>    ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>    OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>2315 S. 22nd Street<br>Philadelphia, PA 19145,<br><br>                          Plaintiffs,<br><br>    v.<br><br>TORRADO CONSTRUCTION COMPANY, INC.<br>3311-3313 East Thompson Street<br>Philadelphia, PA 19134<br><br>                          Defendant. | : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2.  A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.     Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.     Plaintiff Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Pension Plan ("Pension Plan"), which is a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2), and (3).

5.     Plaintiff Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Welfare Plan ("Welfare Plan"), which is a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2), and (3). The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" in the Labor Agreement(s) relating to this complaint.

6.     Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) of an apprenticeship plan that is a "multiemployer plan" and "employee benefit

plan" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). The Apprenticeship Fund is also known as and referenced as the "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC" and jointly with the IAP, "Associations") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Torrado Construction Company, Inc. ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The Pension Fund, Welfare Fund, Apprenticeship Fund, IAP, PAC and Union (altogether "Plaintiffs") maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Plaintiff Bill Ousey ("Ousey") is a fiduciary with respect to the Pension Fund, Welfare Fund and Apprenticeship Fund within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Apprenticeship Fund, PAC and the Union. He is trustee ad litem for the IAP in connection with this action.

12. Torrado Construction Company, Inc. ("Company" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

13. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract is attached as Exhibit 1.

14. Defendant also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Art. VI, §1; Art. XI, §2; Art. XII, §2.

15. Under the Labor Contract, Trust Agreements, and applicable law, Defendant is required:

      (a)      To make full and timely payments on a regular basis to the Funds, Union and Associations as required by the Labor Contract (Ex. 1, Art. VI, §2; Art. XI, §§1, 3; Art. XII, §1; Art. XVII, §2; Art. XVIII, §2);

      (b)      To file timely remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract (Ex. 1, Art. XIII, §§2, 3, 7);

      (c)      To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds, Union, and Associations (Ex. 1, Art. XIII, §11); and

      (d)      To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds, Union, and Associations to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c) (Ex. 1, Art. XIII, §5, 6(B)).

16.    Based on information available to the Funds, Defendant has failed to submit remittance reports in accordance with the Labor Contract, Trust Agreements, and applicable law for the period December 2015, February 2016 through July 2016, and November 2016 through present.

17.    Defendant admitted that it owes the Funds at least $132,062.79 in delinquent contributions for the period December 2015 through October 2016.

18.    All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA

### ERISA FUNDS
### v.
### DEFENDANT

19. The allegations of Paragraph 1 through 18 are incorporated by reference as if fully restated.

20. Defendant has not timely reported or paid contributions as required under the Labor Contracts and Trust Agreements from December 2015 to present in violation of 29 U.S.C. § 1145. In addition, Defendant owes the Funds interest and liquidated damages on the delinquent contributions.

21. The ERISA Funds are adversely affected and damaged by the Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least amounts owed by Defendant for the period December 2015 to present; any additional amounts which may become due during the pendency of this lawsuit; interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment; liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2) Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT

**PLAINTIFFS**
**v.**
**DEFENDANT**

22.     The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

23.     Defendant has not timely reported or paid contributions owed to the ERISA Funds, Union, and Associations as required by the Labor Contract and other documents incorporated by the Labor Contract, such as the Trust Agreements, from December 2015 through present in violation of 29 U.S.C. § 1145. In addition, Defendant owes the Funds interest and liquidated damages on the delinquent contributions.

24.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Defendant.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Defendant in favor of the Plaintiffs, for the benefit of the ERISA Funds, Association, and Union, for at least the amounts owed for the period December 2015 to present; any additional amounts which may become due during the pendency of this lawsuit; interest; liquidated damages; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – INJUNCTION

### PLAINTIFFS
### v.
### DEFENDANT

25.    The allegations asserted in Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26.    Defendant is required by the Labor Contract, Trust Agreement or applicable law to file timely remittance reports on a self-reporting basis, to allow the ERISA Funds, Union and Associations to audit Defendant's records, and to cooperate in determining the contributions due Plaintiffs.

27.    Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of the delinquency because Defendant has failed to submit monthly remittance reports for the period December 2015, February 2016 through July 2016, and November 2016 to present.

28.    Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendant.

29.    Unless ordered by the Court, Defendant will continue to refuse to submit remittance reports and/or pay contributions presently due, or which become due in the future, and the Funds and their participants will be irreparably damaged.

30.    Absent timely submission of remittance reports, computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books

and records and/or calculated from contractually-required remittance reports submitted by the employer.

31. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of Defendant's breach of its contractual requirements to submit timely remittance reports and contributions requires an audit.

**WHEREFORE**, Plaintiffs, for themselves and on behalf of the ERISA Funds, ask the Court to:

(1) permanently restrain and enjoin Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement between Defendant and the Union, or violating other collective bargaining agreements as may be entered by the parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Defendant is contractually required to do so; or, alternatively,

(2) enjoin the Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

*This space intentionally left blank*

(3)     Grant other or further legal or equitable relief as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

Date: September 28, 2017

By: /s/ Maureen W. Marra

MAUREEN W. MARRA (ID No. 309865)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0647
mmarra@jslex.com / usdc-edpa-erisa@jslex.com
Attorney for Plaintiffs